[Cite as *State v. Meadows*, 2020-Ohio-4942.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                      Court of Appeals No. H-20-003

      Appellee                              Trial Court No. CRI 2019 0698

v.

Jason P. Meadows                             **DECISION AND JUDGMENT**

      Appellant                             Decided:  October 16, 2020

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, and
Bambi S. Couch, Assistant Prosecuting Attorney, for appellee.

Danielle C. Kulik, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Jason Meadows, appeals the February 11, 2020

judgment of the Huron County Court of Common Pleas denying his post-sentence motion

to withdraw his guilty pleas to domestic violence and abduction. Appellant also appeals his concurrent 30-moth sentence. For the reasons that follow, we affirm.

{¶ 2} On August 9, 2019, appellant was indicted on counts of aggravated burglary, burglary, domestic violence, abduction, and a protection order violation. The charges stemmed from incidents on May 23, and May 24, 2019, involving appellant's estranged wife.

{¶ 3} On October 17, 2019, pursuant to the state's agreement to dismiss the aggravated burglary, burglary, and protection order violation charges, appellant entered guilty pleas to domestic violence and abduction. On December 11, 2019, appellant was sentenced to 30 months of imprisonment. A nunc pro tunc sentencing judgment entry was filed on January 24, 2020, correcting the revised code section for domestic violence. A second nunc pro tunc sentencing judgment entry was filed on February 11, 2020, indicating that appellant was being sentenced on Count 2, domestic violence, not dismissed Count 1.

{¶ 4} After his December 11 sentencing, on February 3, 2020, appellant filed a motion to withdraw his guilty plea with a request for a hearing. Appellant claimed that he was not given the opportunity to consult with counsel, he was misinformed that the state would offer a misdemeanor plea, and he was threatened with additional felony charges if he failed to enter the plea. Appellant filed a supplemental motion to withdraw his plea including arguments relating to the typographical errors in the plea form which, he claimed, rendered his plea not knowing and voluntary. The state opposed the motion.

2.

**{¶ 5}** On February 11, 2020, without conducting a hearing, the trial court denied appellant's motion. The court found that appellant "was aware of the nature of the offenses, that he was pleading to the charges as indicted, and that he admitted to the conduct constituting the offense during the plea proceedings."

**{¶ 6}** This appeal followed with appellant raising four assignments of error for our review:

> 1. The trial court erred in finding Mr. Meadows guilty based on the facts at the plea hearing.

> 2. The court erred in not allowing Mr. Meadows to withdraw his plea since it was not knowingly, intelligently, and voluntarily entered into.

> 3. The court erred in not holding a hearing on the motion to withdraw plea.

> 4. The court erred in sentencing Mr. Meadows to thirty months based on the facts and circumstances in the case.

### Guilty Pleas and Sufficiency

**{¶ 7}** Appellant's first assignment of error argues that the trial court erroneously accepted his guilty plea based on the facts presented at the plea hearing. Specifically, appellant contends that the facts do not support his conviction for domestic violence in that he was trying to protect rather than harm the victim. Appellant further contends that the abduction conviction lacked evidence of the element of restraint.

3.

**{¶ 8}** This court has consistently held that

a "guilty plea itself provides the necessary proof of the elements of the

crime, thus relieving the trial court of the obligation to determine whether a

factual basis exists to support the plea." *State v. Duhart*, 6th Dist. Lucas

No. L-16-1283, 2017-Ohio-7983, ¶ 9, citing *State v. Fuller*, 12th Dist.

Butler No. CA2008-09-240, 2009-Ohio-5068, ¶ 105-106; *see also State v.*

*Rothenbuhler*, 6th Dist. Williams No. WM-15-008, 2016-Ohio-2869, ¶ 6

("A trial court is not required pursuant to Crim.R. 11(C) to set forth any

factual basis for a guilty plea during a plea hearing."); *State v. Jones*, 6th

Dist. Ottawa No. OT-14-042, 2015-Ohio-4209, ¶ 10 (finding that "a valid

guilty plea waives a defendant's right to challenge his conviction on the

grounds of insufficiency of the evidence").

*State v. Norris*, 6th Dist. Ottawa No. OT-18-019, 2019-Ohio-1488, ¶ 10.

**{¶ 9}** Thus, we reject appellant's argument as it relates to the sufficiency of the

evidence supporting the guilty pleas. An analysis as to the voluntariness of his plea is

addressed below. Appellant's first assignment of error it not well-taken.

**Withdrawal of the Plea**

**{¶ 10}** Appellant's second and third assignments of error challenge the court's

summary dismissal of his post-sentence motion to withdraw his plea. Appellant first

contends that the trial court's typographical error in the uncorrected, signed guilty plea

form stated that appellant pled guilty to R.C. 2921.25(A)(D)(4), rather than the correct

4.

domestic violence provision under R.C. 2919.25(A)(D)(4). Thus, his plea to the correct statutory section was not knowing and voluntary. Appellant also argues that he received ineffective assistance of counsel because counsel was not familiar with his criminal record, "could not read the PSI," could not articulate proper arguments at sentencing, and threatened appellant with more criminal charges if he failed to enter the pleas.

{¶ 11} A court's denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *State v. Favre*, 6th Dist. Erie Nos. E-10-051, E-10-052, 2012-Ohio-4187, ¶14, citing *State v. Harmon*, 6th Dist. Lucas No. L-10-1195, 2011-Ohio-5035, ¶ 11. Accordingly, we will not reverse the trial court's denial of that motion unless we find that the court's attitude in ruling on the motion was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} Crim.R. 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The distinction between a presentence and post-sentence motion to withdraw a plea is significant, as different standards apply as to both ruling on the motion and whether or not a hearing is required on the motion. A presentence motion to withdraw a plea is to be liberally granted, and requires a hearing on the matter to determine "'whether there is a reasonable and legitimate basis for the withdrawal of the plea.'" *State v. Matthews*, 6th Dist. Wood No. WD-10-025, 2011-

5.

Ohio-1265, ¶ 19, quoting *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of the syllabus. However, a post-sentence motion to withdraw a guilty plea is subject to a much higher burden; the plea will only be set aside to prevent a manifest injustice. Crim.R. 32.1. Further, a post-sentence motion only requires a hearing if the defendant alleges facts that, if taken as true, would require the court to permit withdrawal of the plea. *Matthews* at ¶ 30.

{¶ 13} Crim.R. 11(C)(2)(a) provides that for a plea to be properly offered by a defendant and accepted by the trial court the court must determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." On review, we must find the trial court informed the defendant of these facts and that the totality of the circumstances would support the trial court's determination the defendant understood these facts prior to entering the plea. *State v. Acosta*, 6th Dist. Wood No. WD-15-066, ¶ 10, citing *State v. Nero*, 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474 (1990).

{¶ 14} At the October 15, 2019 plea hearing prior to accepting appellant's plea, the court confirmed that appellant would be entering a guilty plea to domestic violence and abduction, both third degree felonies with potential prison sentences from nine to 36 months. The court indicated that the state agreed to dismiss the remaining three charges.

6.

{¶ 15} The court also personally addressed appellant and confirmed that he intended to enter guilty pleas to the third-degree felony charges. The court adhered to the Crim.R. 11 requirements notifying appellant of the constitutional and nonconstitutional rights he was waiving by entering a guilty plea.

{¶ 16} After the state recited its factual basis for the charges, the following exchange took place:

THE COURT: Well, the domestic violence appears to have -- given the description by Mr. Sitterley, consists of either a threat to harm or actually harming her and pulling her back into the home.

Do you believe that's true?

MR. LONGO: Your Honor, there was – apparently, he was gripping her pretty hard, and there was a bruise on her forearm, and that's –

THE DEFENDANT: From the railing.

MR. LONGO: Okay.  Oh, she locked her arm around the railing?

THE DEFENDANT: Yeah.

MR. LONGO:  Well, if you hadn't been pulling the other arm that wouldn't have happened, so –

THE DEFENDANT: Right.

* * *

THE COURT:  All right.  Obviously, the abduction is restraining her liberty for some period of time.

7.

You understand you did that?

THE DEFENDANT: Yes, sir.

{¶ 17} The plea form signed by appellant provided that he was entering a guilty plea to domestic violence, with the statutory section incorrectly listed as R.C. 2921.25(A)(D)(4). The form properly lists the count as a third-degree felony and sets forth the potential penalties. Later in the plea form it correctly provides: "The Defendant will plead Guilty to Count 2, Domestic Violence, contrary to Ohio Revised Code §2919.25(A)(D)(4), a felony of the third degree." Thus, appellant was fully aware of what he was entering guilty pleas to and the potential penalties.

{¶ 18} As to the typographical errors in the sentencing judgment entries, Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

{¶ 19} "'The term clerical mistake refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *State v. Taylor*, 3d Dist. Seneca No. 13-10-49, 2011-Ohio-5080, ¶ 53, quoting *State v. Gutierrez*, 3d Dist. Hancock No. 5-10-14, 2011-Ohio-3126, ¶ 93. When faced with a clerical error, the proper action for the trial court is to issue a nunc pro tunc judgment entry correcting the error. *State v. Adhikari*, 2017-Ohio-460, 84 NE.3d 282, ¶ 63 (8th Dist.). However, [n]unc pro tunc entries are "'limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court

8.

intended to decide.'" *State ex rel. Davis v. Janas*, Slip Opinion No. 2020-Ohio-1462, ¶ 13, quoting *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14.

{¶ 20} Here, the court properly issued two nunc pro tunc judgment entries. The January 24, 2020 entry corrected the domestic violence section number and the February 11, 2020 entry correcting the count number. These corrections did not alter the nature of the plea voluntarily entered into by appellant. *See State v. Reid*, 6th Dist. Lucas No. L-18-1001, 2018-Ohio-5447 (clerical errors did not render the defendant's conviction or sentence void or contrary to law.)

{¶ 21} We further find unpersuasive appellant's claims in his motion to withdraw that counsel coerced him into entering the pleas by threatening additional charges. At the plea hearing, appellant indicated that he was satisfied with counsel and denied that any threats or promises caused him to enter the pleas. It is undisputed that the state dismissed three of the counts in the indictment in exchange for appellant's plea. Further, while there was some initial confusion as to appellant's prior domestic violence convictions, the court's consideration of the PSI, including his criminal record, was proper. Accordingly, appellant has not demonstrated facts which, if taken as true, would require the withdrawal of his plea.

{¶ 22} Based on the above, we find that appellant knowingly and voluntarily entered his guilty plea to domestic violence and abduction. We further find that the trial court did not err in denying appellant's motion to withdraw his plea without first

9.

conducting a hearing. Appellant's second and third assignments of error are not well-taken.

## Sentencing

{¶ 23} In appellant's fourth assignment of error he argues that his 30-month prison sentence was contrary to law in that it was not supported by the record. Specifically, appellant asserts that the lengthy sentence exceeded the nature of the crime, that he had not committed a crime in 17 years, and that counseling on the decline of the parties' marriage and its effects (that he was no longer able to "treat his wife as his wife") was warranted.

{¶ 24} We review the imposition of a felony sentence in accordance with R.C. 2953.08. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 25} Here, the statutory findings under R.C. 2953.08(G)(2)(a) are not relevant, thus appellant argues that his sentence is otherwise contrary to law under R.C. 2953.08(G)(2)(b).

10.

**{¶ 26}** Appellant argues that the trial court did not sentence him in a manner guided by the overriding purposes of felony sentencing set forth in R.C. 2929.11(A), which is to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

**{¶ 27}** In this case, at the December 11, 2019 sentencing hearing the trial court expressly stated that it considered the principles and purposes of sentencing under R.C. 2929.11, protecting the public and punishing appellant, when noting that the court fashioned a sentence to reflect "the seriousness of the defendant's conduct and its impact on the victim; also to be consistent with sentences for similar crimes and similar defendants * * *."

**{¶ 28}** As to the seriousness and recidivism factors under R.C. 2929.12, trial court indicated:

> In looking at the factors to consider in felony cases, the Court would note that here, the victim suffered both physical and psychological harm, that she continues to be quite fearful of the defendant as her time goes on. She's got continuing issues with that.

11.

As far as relationship, obviously, here, they were spouses.

As far as it being less serious, the Court finds that there are no factors that would apply.

In looking at recidivism being more likely, the Court would note that the defendant has a significant history with regard to domestic violence, three prior domestic violences, trespass in the past as well.

Obviously there's an alcohol substance abuse problem, multiple DUIs. Also there was a prior firearms charge. He's had opportunities in the past with regard to treatment. Also with violations of probation on several occasions resulting in termination that resulted in further incarceration.

{¶ 29} The court further noted, as to recidivism being less likely, that appellant had no juvenile adjudications and based on examination, had a moderate recidivism risk. The court then concluded that a prison term was necessary based upon "the repetitive nature [of] the conduct" and the fact that the present facts also involved two incidents.

{¶ 30} Accordingly, the record clearly demonstrates that the trial court fully considered both felony sentencing statutes and fashioned appellant's sentence to reflect the facts surrounding the incidents and appellant's criminal history. Therefore, we hold that appellant's sentence is not clearly and convincingly contrary to law. Appellant's fourth assignment of error is not well-taken.

**{¶ 31}** Based on the foregoing, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Huron County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.  All pending motions denied as moot.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark. L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.