[Cite as *State v. Cooke*, 2023-Ohio-4679.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                          Court of Appeals No.  F-23-002

    Appellee                                       Trial Court No.  23CR000006

v.

Jonathan E. Cooke                              **DECISION AND JUDGMENT**

    Appellant                                    Decided:  December 21, 2023

* * * * *

Karin L. Coble, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant Jonathan Cooke appeals the judgment of the Fulton County Court of Common Pleas denying his post-sentence motion to withdraw his guilty plea.  For the reasons that follow, the trial court's judgment is affirmed.

## I. Factual and Procedural Background

{¶ 2} On January 10, 2023, the Fulton County Grand Jury indicted Cooke on one count of domestic violence in violation of R.C. 2919.25(A), with a specification that he

has previously been convicted of two or more offenses of domestic violence, a felony of the third degree.

{¶ 3} Cooke initially pleaded not guilty. On March 27, 2023, the matter came before the trial court for a pretrial hearing at which Cooke discussed waiving his right to a jury trial in favor of a bench trial. Prior to Cooke's decision, defense counsel noted that Cooke was "pretty emotional" and "having some anxiety." The court allowed for a recess so that Cooke could discuss the matter with his counsel.

{¶ 4} Following the recess, Cooke indicated that he did not know if he wanted to go to trial and communicated instead that he may be inclined to accept the state's plea offer. The trial court allowed the state to describe the terms of the plea agreement, which were that Cooke would plead guilty to an amended count of domestic violence, a misdemeanor of the first degree. In exchange, the state would nolle prosequi the felony count of domestic violence without prejudice, reserving the right to re-file the felony charge if Cooke did not follow the recommended conditions of his probation and treatment programming. The court then took another recess so that Cooke could discuss the offer with his counsel.

{¶ 5} Following the second recess, Cooke accepted the plea offer and tendered a plea of guilty to the amended count of domestic violence, a misdemeanor of the first degree. Defense counsel noted that Cooke understood that the felony charge could be re-filed if he did not follow the terms of his probation and any counseling. Through

2.

counsel, Cooke waived preparation of a presentence investigation report and expressed his desire to proceed immediately to sentencing.

{¶ 6} The trial court engaged Cooke in a detailed Crim.R. 11 plea colloquy. When the court asked if he understood the terms of the plea agreement, Cooke replied that the state's recommendation of inpatient treatment was new to him. He said "that wasn't made clear to me—but I guess that I would want to move (sic) the details moving forward." The court then confirmed that the state's recommendation was for him to enroll in Fresh Start or some other type of treatment program, but it informed Cooke that the state's recommendation was just that, a recommendation. The court explained to Cooke that it would be deciding the sentence in the case and described those potential sanctions in detail.

{¶ 7} After the rest of the plea colloquy, Cooke affirmed that he was certain that he wanted to enter the guilty plea. The trial court accepted Cooke's plea and found him guilty.

{¶ 8} At the request of the parties, the trial court proceeded immediately to sentencing and ordered Cooke to serve 180 days in jail, with credit for 83 days of time served. It suspended the remainder of the sentence pending Cooke's successful completion of community control. As part of his community control, the court ordered

3.

Cooke to receive inpatient treatment at the Renewal Center,[1] following which he must get an assessment at Recovery Services for mental health related issues. The court further ordered him to complete the Batterer's Treatment Program at the Center for Child and Family Advocacy.

{¶ 9} Several days after the trial court entered its judgment of conviction, Cooke filed a pro se motion to withdraw his guilty plea contending that he received ineffective assistance of counsel because counsel did not fully inform him of the potential sanctions that could be imposed such as treatment or probation in addition to a jail term. Cooke also claimed that counsel was ineffective because he was never made aware that the state could dismiss the felony charge without prejudice. Cooke stated that he would not have pleaded guilty if not for the erroneous information from counsel regarding the potential sentence. In addition, Cooke maintained that he experienced "emotional distress" and "intense anxiety" during the plea hearing, which left him "emotionally compromised" resulting in his desire to accept the plea deal to relieve his stress. Finally, Cooke listed several other issues in support of his motion to withdraw his guilty plea, such as being actually innocent, not being notified of the effect of the plea agreement, and the fact that he only pleaded guilty because of his fear of conviction due to the state's probable character assassination and emotional appeal at trial.

---

[1] The court entered a nunc pro tunc judgment entry of sentencing recognizing that Fresh Start was a defunct program and that the Renewal Center was the appropriate program for Cooke.

4.

{¶ 10} On April 11, 2023, the trial court denied Cooke's motion without a hearing. In its judgment, the court reasoned: "During the hearing that was held on March 27, 2023, the Court: (1) took multiple recesses so that Defendant could speak with his attorney; and (2) took great pains to ensure that Defendant knew what was occurring, and that Defendant was certain that proceeding with a negotiated plea was what he wanted to do." The court found, therefore, that Cooke had not demonstrated a "manifest injustice."

## II. Assignment of Error

{¶ 11} Cooke timely appealed the trial court's April 11, 2023 judgment and now asserts one assignment of error for review:

1. The trial court erred in failing to correct a manifest injustice by refusing to allow appellant to withdraw his guilty plea.

## III. Analysis

{¶ 12} Crim.R. 32.1 governs the withdrawal of guilty pleas and provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 13} "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Davis*, 2020-Ohio-4539, 159 N.E.3d 331, ¶ 20 (6th Dist.), quoting *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "A manifest injustice is defined as a 'clear or openly unjust act.' Manifest injustice is an extremely high

5.

standard, and a defendant may only withdraw his guilty plea in extraordinary cases." *State v. Johnson*, 6th Dist. Lucas No. L-11-1257, 2012-Ohio-4866, ¶ 9, quoting *State v. Harmon*, 6th Dist. Lucas No. L-10-1195, 2011-Ohio-5035, ¶ 12; *State v. Cain*, 6th Dist. Lucas No. L-20-1126, 2021-Ohio-1841, ¶ 14.

{¶ 14} "The decision of whether manifest injustice occurred is left to the sound discretion of the trial court." *Davis* at ¶ 20, citing *Smith* at paragraph two of the syllabus. "[T]he good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at paragraph two of the syllabus. An appellate court reviews the trial court's denial of a post-sentence motion to withdraw a guilty plea under an abuse of discretion standard. *Davis* at ¶ 21; *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 15} In his appellate brief, Cooke argues that trial counsel was ineffective for failing to properly inform him of the potential sanctions that could be imposed, and that counsel's ineffectiveness constitutes a manifest injustice entitling him to withdraw his guilty plea. He also asserts that the trial court abused its discretion in denying his motion without a hearing.

{¶ 16} A hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." *State v. Blatnik*, 17 Ohio App.3d 201, 204,

6.

478 N.E.2d 1016 (6th Dist.1984); *State v. Meadows*, 6th Dist. Huron No. H-20-003, 2020-Ohio-4942, ¶ 12.

{¶ 17} To demonstrate ineffective assistance of counsel, Cooke must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, Cooke must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

{¶ 18} Here, even if Cooke's assertions are assumed true—that counsel failed to inform him of the potential sanctions and counsel failed to inform him that the state could re-file the felony domestic violence charge—his claim of ineffective assistance of counsel still fails because he cannot demonstrate prejudice. As the trial court noted, and as the transcript of the sentencing hearing makes abundantly clear, the court fully informed Cooke of the details and potential sanctions and consequences of the plea agreement prior to accepting his guilty plea. Thus, Cooke has not shown a reasonable probability that the result of the proceeding would have been different but for counsel's alleged unprofessional errors.

{¶ 19} Accordingly, the trial court did not abuse its discretion when it determined that Cooke failed to establish the existence of a manifest injustice and denied his post-sentence motion to withdraw his guilty plea without a hearing.

{¶ 20} Cooke's assignment of error is not well-taken.

7.

## IV. Conclusion

{¶ 21} For the foregoing reasons, the judgment of the Fulton County Court of

Common Pleas is affirmed.  Cooke is ordered to pay the costs of this appeal pursuant to

App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                                    _____
                                                                                       JUDGE
Christine E. Mayle, J.

                                                                        _____
Charles E. Sulek, J.                                                             JUDGE
CONCUR.

                                                                        _____
                                                                                       JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.