[Cite as *State v. Mitten*, 2021-Ohio-89.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                           Court of Appeals No. S-19-056

     Appellee                                      Trial Court No. 19 CR 542

v.

Jody B. Mitten                                         **DECISION AND JUDGMENT**

     Appellant                                     Decided:  January 15, 2021

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney,
and Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Jody Mitten, appeals from the December 17, 2019 judgment of

the Sandusky County Court of Common Pleas convicting her, following acceptance of

her guilty plea entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160,

27 L.Ed.2d 162 (1970), of failure to comply with the order of a police officer, a violation

of R.C. 2921.331(B), a felony of the third degree. Appellant was sentenced to a prison term of 36 months, the costs of prosecution, and court costs. The trial court also suspended appellant's driver's license for a mandatory period of 48 months pursuant to R.C. 2921.331(E) and 4510.02(A)(2). For the reasons which follow, we affirm. Appellant appeals from the judgment of conviction and sentencing and asserts the following assignments of error:

> 1. The Trial Court's sentence of Jody B. Mitten ("Appellant") is excessive and contrary to Ohio law.

> 2. Appellant's plea of guilty was not knowingly, intelligently, and voluntarily made.

{¶ 2} Appellant argues in her first assignment of error that her sentence is excessive and contrary to Ohio law.[1]

{¶ 3} Our standard of review is limited by statute to whether clear and convincing evidence in the record supports the sentencing court's findings under certain enumerated statutes and whether the sentence is contrary to law. R.C. 2953.08(G); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23. Furthermore, the trial court must comply with the statutory policies governing felony sentencing set forth in R.C. 2929.11 and 2929.12. *Id.* at ¶ 23. Therefore, the court must be guided by the overriding purposes of felony sentencing and consider "the need for incapacitating the

---

[1] Appellant did not assign as error the denial of her motion to withdraw her plea without a hearing, therefore we did not address that issue.

2.

offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11. Furthermore, in the exercise of its discretion to fashion an appropriate sentence, the trial court is directed to consider specific factors "relating to the seriousness of the conduct, * * * the likelihood of the offender's recidivism," the offender's military service, and "any other factors that are relevant to achieving those purposes and principles of sentencing" set forth in R.C. 2929.12. In this case the trial court must also consider the additional factors set forth in R.C. 2921.331(C)(5)(b) relating to the seriousness of this particular offense.

{¶ 4} Otherwise, the trial court has the discretion to impose any sentence within the statutory range and is not required to give findings or reasons before imposing the sentence, whether it is the maximum or more than the minimum sentence allowable under law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, *abrogated by statute on other grounds by State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10 (the appellate standard of review is clear and convincing evidence, not abuse of discretion). The "clear and convincing evidence" standard is defined as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

3.

{¶ 5} Pursuant to R.C. 2929.14(A)(3)(b), the sentence for a felony of the third degree the court could impose a definite prison term of 9, 12, 18, 24, 30, or 36 months.

{¶ 6} Appellant argues the trial court's sentence was not the minimum sentence which would effectively rehabilitate appellant. She contends that she has a G.E.D., is employed, receives Social Security Disability benefits due to Fibromyalgia, she has mental health issues, and she has not been involved in any criminal proceedings in the prior nine years.

{¶ 7} At the sentencing hearing, we find the trial court considered the factors of R.C. 2929.11 and 2929.12 when it recited several facts from the presentence investigation report, which appellant acknowledged were accurate. Appellant has an extensive criminal history, a substance abuse issue, mental health issues, and several health issues. The court noted that appellant has had numerous opportunities to seek mental health treatment and has either failed to appear or she was discharged because her treatment was unsuccessful. Furthermore, with regard to the convictions, the trial court noted that while appellant was stopped for a simple traffic offense, she "took the deputies on a wild chase, with speeds exceeding 98 miles per hour and running stop signs." Upon apprehension she denied that she had been driving and threw the keys on the roof. The officers found cocaine. We also note that the court imposed the sentence recommended by the probation department.

{¶ 8} The court determined that a prison term was necessary because of the seriousness of appellant's criminal history, the seriousness of her behavior related to this

4.

offense, and the need to protect the public. Appellant argues on appeal that the trial court should have imposed the minimum sentence of probation with aggressive mental health treatment so that she could be rehabilitated. But, that argument relates to the exercise of the trial court's discretion, which we do not have the authority to review.

{¶ 9} Upon a review of the record, we find the trial court considered the relevant factors and those factors support the exercise of the trial court's discretion. Therefore, we find appellant's first assignment of error not well-taken.

{¶ 10} Appellant argues in her second assignment of error that her *Alford* guilty plea was not intelligently, knowingly, and voluntarily made because she was not made aware of the fact that her sentence could include a lifetime driver's license suspension. She further argues the trial court should have granted her motion to withdraw her guilty plea.

{¶ 11} At the Crim.R. 11 plea hearing, the trial court must substantially comply with the requirement to inform the defendant of non-constitutional rights such as notice of the maximum penalty that could be imposed. Crim.R. 11(C)(2)(a). *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990) (citations omitted). In reviewing the issue of whether the trial court substantially complied with the requirement to disclose the

5.

maximum penalty, we consider the totality of the circumstances to determine if appellant understood the implications of the plea. *State v. Elkins*, 6th Dist. Sandusky No. S-08-014, 2009-Ohio-2602, ¶ 33.

{¶ 12} In this case, appellant avoided a trial on two additional fifth-degree felonies in exchange for entering an *Alford* guilty plea to a single charge of failure to comply with the order of a policeman. The written plea agreement indicated that the trial court "shall impose a class two driver's license suspension from the range specified [in R.C. 4510.02(A)(2)]." That section provides that: "the court shall impose a definite period of suspension from the range specified for the suspension class: * * * (2) For a class two suspension, a definite period of three years to life." *Id.* During the plea hearing, the trial court only notified appellant that the court could impose a driver's license suspension and appellant acknowledged that she understood the consequences of entering a guilty plea.

{¶ 13} With regard to notification of a mandatory driver's license suspension, we have previously held that inclusion of the maximum penalty in the plea agreement was sufficient to establish substantial compliance. *State v. Martin*, 6th Dist. Sandusky No. S-18-024, 2019-Ohio-2659, ¶ 14-15 (citations omitted). Therefore, we find the trial court substantially complied with Crim.R. 11 when appellant was orally notified she would receive a license suspension and the plea agreement included reference to the statutory section governing the suspension.

{¶ 14} Appellant also argues the trial court erred in denying her motion to withdraw her *Alford* guilty plea.

6.

{¶ 15} The determination of whether to grant a motion to withdraw a guilty plea prior to sentencing is a discretionary matter because there is no absolute right to withdraw a plea and conviction. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph two of the syllabus. The trial court must evaluate both the defendant's motivation in entering the plea and the credibility and weight to be given to the reasons for seeking to withdraw the plea. *Id.* at paragraph one of the syllabus. The trial court's decision is reviewed under an abuse of discretion standard. *Id.* at 525. An abuse of discretion represents "more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 16} Crim.R. 32.1 gives no criteria for determining when withdrawal of a plea is justified prior to sentencing, but the Ohio Supreme Court has held that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 7, quoting *Xie* at 526. Appellate courts have evaluated the trial court's decision based upon the following considerations:

> (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the

7.

reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Murphy*, 176 Ohio App.3d 345, 2008-Ohio-2382, 891 N.E.2d 1255, ¶ 39, citing *State v. Griffin*, 141 Ohio App.3d 551, 554, 752 N.E.2d 310 (2001).

Furthermore, we have held that a change of heart is an insufficient reason to permit withdrawal of the plea. *Oregon v. Gaughan*, 6th Dist. Lucas No. L-19-1084, 2020-Ohio-4092, ¶ 11, citing *State v. Acosta*, 6th Dist. Wood No. WD-15-066, 2016-Ohio-5698, ¶ 18 (citations omitted).

{¶ 17} Before the sentencing hearing, appellant filed a motion to withdraw her *Alford* guilty plea asserting that she has mental health issues, did not understand the proceedings, and that the plea agreement did not represent what she had intended. At the sentencing hearing, appellant argued she was not informed at the plea hearing that her conviction could result in a lifetime driver's license suspension. She also wished to withdraw her plea and proceed to trial with a competency evaluation because of her mental health issues (paranoid disorder, borderline personality disorder).

{¶ 18} The trial court recalled that at the plea hearing, appellant had been insistent that her guilty plea be an *Alford* plea and the court believed appellant had clearly understood that she would be found guilty and the consequences of entering a plea. The court further found that appellant has an extensive criminal history and has had numerous opportunities to seek mental health treatment and had either failed to appear or she was

8.

discharged unsuccessfully. Therefore, the trial court concluded that granting the motion would make a travesty of the proceedings and denied the motion to withdraw the plea.

{¶ 19} We find appellant has failed to demonstrate that the trial court abused its discretion. Furthermore, appellant was notified that she "could" receive a driver's license suspension. Since the court did not impose a lifetime suspension, appellant cannot claim that she was prejudiced by the failure of the trial court to correctly inform her of the maximum driver's license suspension.

{¶ 20} Accordingly, appellant's second assignment of error is found not well-taken.

{¶ 21} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

9.

State v. Mitten
C.A. No. S-19-056

Arlene Singer, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

Gene A. Zmuda, P.J.
DISSENTS AND WRITES
SEPARATELY.

**ZMUDA, P.J., dissenting,**

**{¶ 22}** Because I find that the trial court erred in denying appellant's presentence motion to withdraw her plea without first holding a hearing, I would reverse the trial court's judgment and remand this matter to the trial court to conduct a hearing on appellant's motion.  Since the majority holds otherwise, I must respectfully dissent.

**{¶ 23}** In *State v. Nicholson*, 8th Dist. Cuyahoga No. 82825, 2004-Ohio-2394, the Eighth District noted that courts "have repeatedly held that the trial court must hold a hearing on a presentence motion to withdraw a guilty plea." *Id.* at ¶ 11.  More recently, in *State v. Meadows*, 6th Dist. Huron No. H-20-003, 2020-Ohio-4942, we distinguished a presentence motion to withdraw a guilty plea from a post-sentence motion to withdraw a guilty plea, and explained:

10.

A presentence motion to withdraw a plea is to be liberally granted, and

requires a hearing on the matter to determine "'whether there is a

reasonable and legitimate basis for the withdrawal of the plea.'" *State v.*

*Matthews*, 6th Dist. Wood No. WD-10-025, 2011-Ohio-1265, ¶ 19, quoting

*State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of

the syllabus. However, a post-sentence motion to withdraw a guilty plea is

subject to a much higher burden; the plea will only be set aside to prevent a

manifest injustice. Crim.R. 32.1. Further, a post-sentence motion only

requires a hearing if the defendant alleges facts that, if taken as true, would

require the court to permit withdrawal of the plea. *Matthews* at ¶ 30.

*Id.* at ¶ 12.

{¶ 24} In the present case, the trial court summarily rejected appellant's arguments in support of her motion to withdraw her *Alford* plea. The court did not conduct a hearing and did not inquire of the appellant as to the reasons why she filed the motion. Thus, appellant was deprived of her opportunity to fully articulate her arguments and support them with evidence.[2] As is clear from the above-cited authority, the trial court

---

[2] Though not part of this appeal, the transcript demonstrates the trial court also did not allow appellant the right of allocution prior to sentencing. Such failure, however, has not been raised by counsel and is therefore not before us for consideration. I reference it here only to demonstrate the extent to which the trial court prohibited argument on behalf of appellant.

11.

was required to conduct a hearing. In failing to do so, the trial court committed reversible error.

{¶ 25} The issue of the trial court's failure to hold a hearing was not specifically addressed in the parties' briefs to this court. However, appellant does argue that her plea was not knowingly, voluntarily, and intelligently entered. In order to resolve this argument, we must look to the trial court record, which reveals that the same argument was raised by appellant in support of her motion to withdraw her plea. As noted above, the trial court summarily rejected appellant's argument without holding a hearing, thereby precluding us from conducting a meaningful, substantive appellate review. Given this backdrop, I find it necessary to reverse the trial court's judgment and remand the matter for a hearing on appellant's motion. *See State v. Brown*, 6th Dist. Lucas No. L-18-1140, 2020-Ohio-1650, ¶ 16 (reversing conviction on sufficiency grounds after considering an element of the offense that was not specifically raised by the defendant on appeal, where the general category of sufficiency was before us).

{¶ 26} Therefore, I dissent from the majority's decision to affirm the trial court's judgment.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

12.