[Cite as *State v. Adams*, 2021-Ohio-2862.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

    Appellee

v.

Damian Adams

    Appellant

Court of Appeals No.   WD-21-017
                         WD-21-018

Trial Court No.  2020CR0171
                  2020CR0060

**DECISION AND JUDGMENT**

Decided:  August 20, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Autumn D Adams, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

**{¶ 1}** In this consolidated appeal, appellant, Damian Adams, appeals the March

10, 2021 judgment of the Wood County Court of Common Pleas sentencing him to an

aggregate four-and-a-half year prison term following his convictions for aggravated drug trafficking. For the following reasons, we affirm the trial court's judgment.

## A. Factual and Procedural Background

{¶ 1} On February 6, 2020, Adams was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(a), a fifth-degree felony; one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1) and (F)(1), a fourth-degree misdemeanor; one count of aggravated drug trafficking in violation of R.C. 2925.03(A)(1) and (C)(1)(a), a fourth-degree felony; and one count of possession of drug abuse instruments in violation of R.C. 2925.12(A) and (C), a second-degree misdemeanor. Appellant's indictments for aggravated drug trafficking and possession of drug abuse instruments each included a related specification for forfeiture of a cell phone in a drug case pursuant to R.C. 2941.1417(A). These four charges were assigned Wood County Court of Common Pleas case No. 2020-CR-060.

{¶ 2} On April 30, 2020, appellant was indicted on one count of aggravated drug trafficking in violation of R.C. 2925.03(A)(2) and (C)(1)(f), a first-degree felony; and one count of aggravated drug trafficking in violation of R.C. 2925.03(A)(2) and (C)(1)(e), a first-degree felony. Each of these counts included a related major drug offender specification pursuant to R.C. 2941.1410(A). These two charges were assigned Wood County Court of Common Pleas case No. 2020-CR-171.

2.

{¶ 3} On March 8, 2021, pursuant to a plea agreement, appellant entered a guilty plea to one count of aggravated drug trafficking in case number 2020-CR-060 and one amended count of aggravated drug trafficking in case number 2020-CR-171. The trial court dismissed the remaining charges and specifications at the state's request. The matter proceeded immediately to sentencing, without objection from appellant, where the trial court imposed an eighteen-month prison term on appellant's conviction in case number 2021-CR-060 and a three-year prison term on appellant's conviction in case number 2021-CR-171. The trial court ordered appellant's sentences to be served consecutively, resulting in a four-and-a-half year aggregate prison term. The sentence was memorialized in a judgment entry dated March 10, 2021.

## B. Assignment of Error

{¶ 4} Appellant timely appealed and asserted the following error, with two subparts, for our review:

Appellant's consecutive sentence is excessive and therefore contrary to law and must be reversed:

1. Adams' sentence of 4.5 years of incarceration fails to meet the principles and purposes of sentencing as he is clearly suffering from a drug addiction, there was no evidence to support the drugs were for anything but personal use, and he wants drug treatment.

2. The trial court improperly weighed various factors it was required to consider under R.C. 2929.12.

3.

## II. Analysis

{¶ 5} Appellant does not challenge the trial court's imposition of a prison term, generally, or the length of the individual prison terms on each conviction. Instead, he argues that the total *aggregate* prison term was "excessive" under the felony sentencing guidelines established in R.C. 2929.11 and 2929.12. Appellant asks this court to review the trial court's consideration of the R.C. 2929.11 and 2929.12 as they relate to the imposition of consecutive sentences and, in turn, to reverse the imposition of consecutive sentences and order the terms to be served concurrently for a total three-year term of incarceration. Appellant's request is without merit, however, as we are not permitted to conduct the review he requests.

{¶ 6} Generally, we review felony sentences pursuant to R.C. 2953.08(G)(2), which permits appellate courts to vacate or modify a felony sentence when certain required statutory findings—including the consecutive sentencing findings under R.C. 2929.14(C)—are not supported by the record or when the sentence is "otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b). Two recent Ohio Supreme Court holdings have clarified the precise nature of our review under R.C. 2953.08(G)(2) and are applicable to this appeal.

{¶ 7} First, in *State v. Gwynne,* 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16, the Ohio Supreme Court held that "[b]ecause R.C. 2953.08(G)(2)(a) specifically mentions a sentencing judge's findings made under R.C. 2929.14(C)(4) as falling within a court of appeals' review, the General Assembly plainly intended R.C.

4.

2953.08(G)(2)(a) to be the *exclusive means of appellate review of consecutive sentences."* (emphasis added). Conversely, "R.C. 2929.11 and 2929.12 apply only to *individual* sentences." *Id.* at ¶ 17 (emphasis sic.). Therefore, an appellate court's review of consecutive sentences is limited to challenges of a trial court's findings under R.C. 2929.14(C)(4), as described in R.C. 2953.08(G)(2)(a).

{¶ 8} Second, in *State v. Jones,* Slip Opinion No. 2020-Ohio-6729, ¶ 42, the Ohio Supreme Court held that R.C. 2953.08(G)(2) does not permit an "appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." Applying *Jones,* we previously held that "assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 *is no longer grounds for this court to find reversible error."  State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 13 (emphasis added).

{¶ 9} Here, appellant argues that that trial court erred when it imposed consecutive sentences because consecutive sentences did not satisfy the purposes of felony sentencing under R.C. 2929.11 and because the trial court improperly weighed mitigating factors established in R.C. 2929.12(D) and (E). Appellant failed, however, to identify any error in the trial court's findings under R.C. 2929.14(C)(4), the exclusive procedural mechanism under which offenders can appeal consecutive sentences. *Gwynne* at ¶ 15. Moreover, even if appellant had challenged the individual sentences, we are precluded

5.

from reviewing the trial court's consideration of the R.C. 2929.11 and 2929.12 factors when determining the appropriateness of a sentence. *Jones* at ¶ 13.

{¶ 10} Put simply, appellant has failed to assign any cognizable error to the trial court's imposition of consecutive prison terms which is subject to review by this court. Therefore, appellant's assignment of error is found not well-taken.

### III.  Conclusion

{¶ 11} We find appellant's assignment of error not well-taken and affirm the March 10, 2021 judgment of the Wood County Court of Common Pleas.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                                               _____
                                                                  JUDGE

Gene A. Zmuda, P.J.

Myron C. Duhart, J.                                            _____
CONCUR.                                                                 JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.