**[Cite as *State v. Wilson*, 2021-Ohio-3385.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. L-21-1038 |
| Appellee | Trial Court No. CR202001413 |
| v. | |
| Francis Wilson | **DECISION AND JUDGMENT** |
| Appellant | Decided: September 24, 2021 |

* * * * *

**ZMUDA, P.J.**

Appellant, Francis Wilson, appeals the February 2, 2021 judgment of the Lucas County Court of Common Pleas. We sua sponte place this matter on the accelerated calendar pursuant to App.R. 11.1(A), and this judgment entry is not an opinion of the court. *See* S.Ct.R.Rep.Op.3.1; App.R. 11.1(E); 6th Dist.Loc.App.R. 12. For the following reasons, we affirm the judgment of the trial court.

On March 5, 2020, appellant was indicted on six counts of endangering children in violation of R.C. 2919.22(B)(3), (E)(1), and (E)(3), each a third-degree felony; and three

counts of endangering children in violation of R.C. 2919.22(B)(4), (E)(1), and (E)(3), each a third-degree felony. On January 29, 2021, appellant entered a guilty plea, pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160 (1970), to two counts of endangering children. The trial court accepted the plea and found appellant guilty.

At his January 28, 2021 sentencing, the trial court imposed a 36-month prison term for each conviction. The trial court ordered appellant to serve the prison terms consecutively for an aggregate prison term of 72 months. The trial court dismissed the remaining counts at the state's request and appellant's sentence was journalized in a February 2, 2021 judgment entry. Appellant timely appealed and raises a single assignment of error for our review:

> The trial court abused its discretion when it sentenced appellant to two consecutive prison terms of thirty-months (sic.) each, when the sentence arguably does not promote the effective rehabilitation of the offender pursuant to R.C. 2929.11, and which arguably did not consider the recidivism factors of R.C. 2929.12(E).

Appellant argues that that the trial court failed to comply with R.C. 2929.11 and 2929.12 both when it imposed his individual sentences on each count and when it ordered that those sentences be served consecutively. Recent Ohio Supreme Court precedent regarding the scope of appellate review of felony sentences requires this court to affirm the trial court's judgment as a matter of law.

2.

First, in *State v. Jones,* Slip Opinion No. 2020-Ohio-6729, ¶ 42, the Ohio Supreme Court held that R.C. 2953.08(G)(2) does not permit an "appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." Applying *Jones,* we held that "assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 *is no longer grounds for this court to find reversible error.*" *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 13 (emphasis added).

Second, in *State v. Gwynne,* 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16, the Ohio Supreme Court held that "[b]ecause R.C. 2953.08(G)(2)(a) specifically mentions a sentencing judge's findings made under R.C. 2929.14(C)(4) as falling within a court of appeals' review, the General Assembly plainly intended R.C. 2953.08(G)(2)(a) to be the *exclusive means of appellate review of consecutive sentences.*" (emphasis added). Conversely, "R.C. 2929.11 and 2929.12 apply only to *individual* sentences." *Id.* at ¶ 17 (emphasis sic.). Therefore, an appellate court's review of a trial court's order that an appellant serve consecutive sentences is limited to challenges of a trial court's findings under R.C. 2929.14(C)(4). *State v. Adams,* 6th Dist. Wood Nos. WD-21-017, WD-21-018, 2021-Ohio-2862, citing *Gwynne* at ¶ 16-17. Any argument seeking review of the trial court's imposition of consecutive sentences without

3.

identifying any error in the trial court's findings under R.C. 2929.14(C)(4) fails as a matter of law. *Id.*

Here, appellant did not assign any cognizable error to the trial court's imposition of his sentence. Under *Jones,* we are unable to review the trial court's consideration of R.C. 2929.11 and 2929.12 when it imposed appellant's individual prison sentences. Additionally, appellant did not assign error to the trial court's findings under R.C. 2929.14(C)(4) which is the exclusive means of this court's review of consecutive sentences as described in *Gwynne.* Because appellant has not alleged any error which is subject to review by this court, we find that the state is entitled to have judgment entered in its favor as a matter of law pursuant to App.R. 12(B). Therefore, the February 2, 2021 judgment of the Lucas County Court of Common Pleas is affirmed.

Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                             _____
                                                                                JUDGE
Gene A. Zmuda, P.J.

                                                                _____
Myron C. Duhart, J.                                                        JUDGE
CONCUR.

                                                                _____
                                                                                JUDGE