[Cite as *State v. Staten*, 2021-Ohio-3382.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                          Court of Appeals No.  S-20-026
                                                                                     S-20-027
        Appellee                                                               S-21-008

                                                       Trial Court No.  17 CR 904
                                                                               17 CR 378
                                                                               20 CR 34

v.

Marcus Staten                                  **DECISION AND JUDGMENT**

        Appellant                                Decided:  September 24, 2021

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.        Introduction

{¶ 1} In this consolidated appeal, appellant, Marcus T. Staten, appeals three

July 6, 2020 judgments of the Sandusky County Court of Common Pleas, sentencing him

to an aggregate prison term of 47 months following his conviction for drug trafficking and his violation of the conditions of two previously-imposed community control sanctions. For the following reasons, we affirm the trial court's judgments but remand this matter to the trial court for a *nunc pro tunc* entry as described herein.

## A. Facts and Procedural Background

{¶ 2} On January 10, 2020, appellant was indicted on three counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(a), each a fifth-degree felony. The indictment was assigned Sandusky County Court of Common Pleas case No. 20CR034. Appellant appeared for arraignment on January 17, 2020, and entered a not guilty plea to all three counts. On February 11, 2020, following negotiations with the state, appellant appeared for a change of plea hearing at which he entered a guilty plea to one count of trafficking in cocaine in exchange for the state's agreement to request dismissal of the other two counts at sentencing. The trial court accepted appellant's guilty plea and set the matter for sentencing on April 7, 2020.

{¶ 3} At the time of the indictment in case No. 20CR034, appellant was serving separate three-year terms of community control imposed on his previous felony convictions in Sandusky County Court of Common Pleas case Nos. 17CR378 and 17CR904. In those cases, appellant was convicted of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a) and failure to comply with the order of a police officer in violation of R.C. 2921.331(B), respectively. The trial court had imposed a three-year term of community control for each conviction. Following appellant's indictment in case

No. 20CR034, the state filed a "Notice of Probation Violation" in each of the prior cases alleging that appellant's conduct underlying the indictment violated the conditions of his community control. The trial court set a community control violation hearing for January 23, 2020.

{¶ 4} Following multiple continuances in all three cases, the trial court held a combined hearing on appellant's community control violations and sentencing on June 30, 2020. Following witness testimony related to appellant's compliance with the conditions of his community control, the trial court determined appellant had violated those conditions and ordered his community control terms to be terminated unsuccessfully. The trial court then imposed a 24-month prison term for appellant's community control violation in case No. 17CR378 and a 12-month prison term for appellant's community control violation in case No. 17CR904. The trial court also sentenced appellant to an 11-month prison term in case No. 20CR034. At the state's request, the trial court dismissed the remaining counts pursuant to the plea agreement. The trial court ordered appellant to serve all three sentences consecutively, resulting in an aggregate prison term of 47 months. Appellant's sentence in each case was memorialized in separate July 6, 2020 judgment entries.

{¶ 5} On July 24, 2020, appellant timely appealed the judgments in case Nos. 17CR378 and 17CR904. We sua sponte ordered those appeals to be consolidated. After reviewing the parties' briefs, we recognized that the parties' arguments addressed the sentence in case No. 20CR304 even though appellant had not filed an appeal from that

3.

judgment. To resolve this discrepancy, we ordered appellant to file a motion for delayed appeal in case No. 20CR034. On July 20, 2021, we granted appellant's motion and sua sponte ordered all three appeals consolidated. Having resolved this procedural deficiency, all three cases are now properly before the court in this consolidated appeal.

## B. Assignments of Error

{¶ 6} Appellant asserts the following errors for our review:

1. The trial court's sentence of Marcus T. Staten violates R.C. 2929.14(C)(4)—and thus is contrary to law—insofar as the trial court did not make appropriate findings of fact for appellant to be sentenced in a consecutive manner.

2. The trial court's sentence of appellant is excessive and contrary to Ohio law.

## II. Law and Analysis

{¶ 7} Appellant's assignments of error challenge the trial court's imposition of his sentences. We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a trial court's imposition of consecutive sentences only if we clearly and convincingly find that: (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * * " or (2) "the sentence is otherwise contrary to law." *Id.*, citing R.C. 2953.08(G)(2). The burden is on appellant to identify clear and convincing evidence in the record to show that the trial court erred in imposing

4.

his sentence.  *State v. Torres,* 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6.

Appellant does not meet this burden.

### A.  The trial court made all findings
### necessary to impose consecutive sentences.

{¶ 8} In his first assignment of error, Staten argues that the trial court erred in ordering his sentences to be served consecutively "without complying with R.C. 2929.14(C)(4) by making the requisite findings of fact."  Initially, we note that the trial court is not required to make "findings of fact" in order to impose consecutive sentences as appellant argues.  *See State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.  A trial court is, however, required to make certain statutory findings under R.C. 2929.14(C)(4) before imposing consecutive sentences.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.  R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions
> of multiple offenses, the court may require the offender to serve the prison
> terms consecutively if the court finds that the consecutive service is
> necessary to protect the public from future crime or to punish the offender
> and that consecutive sentences are not disproportionate to the seriousness of
> the offender's conduct and to the danger the offender poses to the public,
> and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses
> while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} Put simply, this statute requires the trial court to make three statutory findings before imposing consecutive sentences. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. It must find (1) that consecutive sentences are necessary to protect the public or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) that R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Beasley* at ¶ 252. "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original.) *Id.* at ¶ 253, citing *Bonnell* at ¶ 37. While "a word-for-word recitation of the language of the statute is not required," a reviewing court must be able to discern that the trial court engaged in the

correct analysis and the record must contain evidence to support the trial court's findings. *Bonnell* at ¶ 29.

{¶ 10} At sentencing, the trial court recited the statutory language to find that consecutive sentences were necessary to protect the public and that appellant was on community control at the time he committed the offenses—two of the three findings required under R.C. 2929.14(C)(4). As to proportionality—the third required finding— the trial court noted that the maximum, aggregate sentence it could impose on appellant was 72 months. In considering this, the trial court stated "I agree that 72 months is – it's a little long, and I'm not opposed to the 48 months." The trial court ultimately determined that an aggregate 47-month prison term was proper. This statement reflects the trial court's consideration of the proportionality of consecutive sentences to appellant's conduct and its finding that the imposition of consecutive sentences was indeed *not* disproportionate as described in R.C. 2929.14(C)(4). Based on this, we find that the record reflects that the trial court engaged in the correct analysis to make this finding despite the lack of a "word-for-word recitation of the language of the statute." *Bonnell* at ¶ 29. Therefore, we find that the trial court made all three necessary findings under R.C. 2929.14(C)(4). As a result, appellant's first assignment of error is found not well-taken.

{¶ 11} Although the trial court made the appropriate statutory findings at the sentencing hearing, our review of the record reveals that the trial court failed to

7.

incorporate those findings in its judgment entries in case Nos. 17CR378 and 17CR904.[1] Consecutive sentencing findings must be made at both the sentencing hearing and in the judgment entry. *Beasley* at ¶ 253, citing *Bonnell* at ¶ 37. The trial court's failure to incorporate those findings in its judgment entries does not, however, require this court to reverse the trial court's judgment. Instead, "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a *nunc pro tunc* entry to reflect what actually occurred in open court." *Bonnell* at ¶ 30, citing *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718. Because the trial court's judgment entries in case Nos. 17CR378 and 17CR904 omit the consecutive sentencing findings made at appellant's sentencing hearing, we remand this matter to the trial court for a *nunc pro tunc* entry to correct those omissions.

### B. Appellant's challenge to the length of his prison sentences under R.C. 2929.11 is unfounded as a matter of law.

{¶ 12} In his second assignment of error, appellant argues that his prison sentences were "excessive" because they are not the minimum sanction necessary to satisfy the purposes of felony sentencing under R.C. 2929.11. Specifically, appellant argues that the length of his sentences will exacerbate his mental health conditions and admitted drug addiction rather than promote his effective rehabilitation. Appellant requests that we

---

[1] The judgment entry in case No. 20CR034 includes the consecutive sentencing findings.

8.

review the trial court's consideration of the R.C. 2929.11 purposes of felony sentencing and reduce his sentences accordingly.

{¶ 13} R.C. 2953.08(G)(2) does not authorize this court to consider appellant's arguments. In *State v. Jones,* Slip Opinion No. 2020-Ohio-6729, ¶ 42, the Ohio Supreme Court held that R.C. 2953.08(G)(2) does not permit an "appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." Applying *Jones,* we previously held that "assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 *is no longer grounds for this court to find reversible error.*" *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 13 (emphasis added). For these reasons, we cannot consider appellant's arguments alleging the trial court erred in considering the R.C. 2929.11 purposes of felony sentencing. Therefore, his second assignment of error does not assign any reviewable error and is found not well-taken.

### III.    Conclusion

{¶ 14} We find each of appellant's assignments of error not well-taken and affirm the July 6, 2020 judgments of the Sandusky County Court of Common Pleas. We remand this matter to the trial court for the limited purpose of issuing a *nunc pro tunc* entry in case Nos. 17CR378 and 17CR904 to incorporate its finding under R.C.

9.

2929.14(C)(4) into those judgment entries. Appellant is ordered to pay the costs of this appeal pursuant to App.R.24.

Judgment affirmed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

_____

Gene A. Zmuda, P.J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.