[Cite as *State v. Ide*, 2024-Ohio-5527.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio/City of Maumee             Court of Appeals Nos.    L-23-1266
                                                                 L-23-1267
                                                                 L-23-1268

          Appellee
                                         Trial Court Nos.  CRB2200738
                                                           CRB2200855
                                                           CRB2300055
v.

Timothy Ide                              **DECISION AND JUDGMENT**

          Appellant                      Decided:  November 22, 2024

* * * * *

Daniel C. Arnold, City of Maumee Prosecuting Attorney,
for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This is a consolidated appeal by appellant, Timothy Ide, from the judgments

of the Maumee Municipal Court, rendered September 28, 2023.  For the reasons that

follow, we affirm the trial court's judgments, in part, and reverse, in part.

**{¶ 2}** Ide sets forth two assignments of error:

I. Mr. Ide's conviction for failing to obtain a building permit was not supported by the manifest weight of the evidence.

II. The trial court abused its discretion when it denied Mr. Ide's motion for acquittal pursuant to Crim.R. 29 based on insufficient evidence.

**Background**

**{¶ 3}** In August 2017, Ide and Megan Bremer purchased a home for cash in Maumee, Ohio ("Maumee home"), and the deed was recorded in Bremer's name only.

**{¶ 4}** In or around 2018, the City of Maumee became aware that remodeling and construction was occurring at the Maumee home when Bremer engaged a foundation repair contractor. The contractor pulled a permit for the job from the city, there were inspections conducted by the city, then the foundation job "went south" and was not finished by the contractor. Also, in or around 2018, two additional permits were obtained, one for electrical work and one for plumbing work at the Maumee home. Thereafter, construction continued on the Maumee home, but without permits,[1] including the building of a porch/deck.[2]

---

[1] The record indicates Bremer recently obtained permits, but that has no bearing on this case. In addition, Bremer was issued a mechanical permit on January 1, 2023, for a furnace replacement, which also has no bearing on this case, as Ide was not charged with or convicted of installing a furnace.

[2] There are references in the record to a porch and a deck; both terms refer to the same structure. We will refer to the structure as a deck.

2.

{¶ 5} On June 28, 2021, the city conducted an inspection of the Maumee home's deck. The city subsequently issued a stop work order to Bremer.

{¶ 6} According to Ide, he "was summonsed on October 24, 2022 for 'failing to register as a contractor' (22CRB[]0738) . . . He was also summonsed on December 21, 2022 (22CRB[]0855) for allegedly constructing a deck without a proper permit . . . On January 26, 2023, he was summonsed for allegedly performing plumbing and/or electrical work which violated the City of Maumee building code[,]" (Maumee Municipal Court case No. 23-CRB-055.)

{¶ 7} A bench trial for all of the charges was held on June 21, 2023. Three witnesses testified: Mark Westcott, Building Inspector for Maumee; Curt Smith, Information and Technologies Manager for Maumee; and Ide. The judge found Ide guilty of all of the charged offenses, and Ide was sentenced. Ide appealed.

**Bench Trial**

{¶ 8} The relevant witness testimony is summarized below.[3]

{¶ 9} The city called Building Inspector Mark Westcott, who testified that in Maumee, permits are needed for just about everything other than minor home repairs. If a homeowner pulls a permit to do work themselves, the homeowner does not need to be a licensed contractor. Also, a homeowner's friend can provide "assistance lifting something or helping move something," without being a licensed contractor, so Bremer,

---

[3] Additional relevant testimony is set forth in the parties' arguments.

3.

as the homeowner, could have a "family member or something" help her for "a water heater or something like that, you know, something small." Ide, however, was not able to pull a permit himself, because the proper person to pull permits for the Maumee home were either Bremer, as the homeowner, or a licensed contractor.

{¶ 10} Westcott further testified that Ide never registered as a contractor in the city, and Westcott agreed that "there is a process that you can . . . register as a contractor for somebody that's going to perform work at a premises in Maumee[.]" Westcott discussed photos posted online on Ide's Flickr account of the Maumee home, and other online posts by Ide regarding the Maumee home.

{¶ 11} After the city rested, Ide's defense attorney made a Crim.R. 29 motion to dismiss the charges, arguing the two issues on trial were Ide performing work without the proper licensure, and Ide pulling permits. Counsel asserted, inter alia, that according to Maumee Municipal Code ("MMC") 1305.03, the intent of the chapter was for building construction companies, not private individuals. Counsel claimed the city was trying to label Ide as a contractor, but no testimony was offered that he worked as contractor. The Crim.R. 29 motion was denied.

{¶ 12} Ide testified that he and Bremer paid cash for the Maumee home and Bremer owned it. The Maumee home was in Bremer's name because he is 20 years older than she. He posted hundreds of posts on the city's Facebook page that "we are performing work with no permits, we need help." He and Bremer tried to work with the city, but they did not hear from the city until July 2021. Ide "didn't know how to do

4.

plumbing and electrical so [he] didn't do it[,]" but he helped the homeowner who did these projects with her family.

{¶ 13} Ide further testified that he is not a contractor, he was not legally contracted to do anything, and according to the law, a contractor is in business, but he is not in the business. He does not have a business address or a business card, and he was never paid for any work at the Maumee home other than with 'kisses and pork chops."

**Ide's Appeal**

{¶ 14} We will examine Ide's assignments of error together, as he presents many of the same arguments in both assigned errors. We note that Ide sets forth sections of the MMC in the portion of his brief before the arguments in support of his assigned errors. Ide did not refer to MMC sections in his arguments, as required by App.R. 16(A)(7) ("The appellant shall include in its brief . . . [a]n argument containing the contentions of the appellant . . . and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.") and Sixth District Loc.R. 10(C) ("Case citations and other legal authorities must appear in the text of the argument after the point of law for which the case or legal authority is cited, . . . and must include the volume and page number of the case, and the particular page or paragraph number where the point of law is found."). We address Ide's arguments as presented, mindful that "appellant has the burden of demonstrating error on appeal[.]" *State v. Knight*, 2022-Ohio-1787, ¶ 46 (6th Dist.).

5.

**First Assignment of Error**

**Ide's Arguments**

{¶ 15} Ide argues his conviction for failing to obtain a building permit for the deck was not supported by the manifest weight of the evidence. He contends he should be found to fit the definition of a homeowner, as a person who owns a home, and, pursuant to the Maumee building code, as an occupier of the premises. He submits "[t]his court should find that, at least in this case, the City of Maumee is creating their own problems by refusing to allow him to pull a permit for renovations at the home where he lives."

{¶ 16} Ide also argues the city did not prove, beyond a reasonable doubt, that he built the deck, as the city introduced pictures of the deck under construction, that were on his Flickr account, but without authenticating details, such as who took the pictures or when the pictures were taken. He further asserts there were no pictures of anyone actually building the deck, except presumptively Bremer, who appeared in one picture swinging a hammer. He submits the pictures prove that a deck was built, but not who built it.

{¶ 17} In addition, Ide claims the only persons authorized to pull the permit for the deck were Bremer and a licensed contractor, if there was one. He contends that he was not the proper person to charge with failing to obtain a permit because according to the city, Bremer is the homeowner and "the proper charging entity is the homeowner[.]"

6.

**The City's Arguments**

{¶ 18} The city counters, with respect to the photographs and other exhibits presented at trial, that Ide himself testified they were true and accurate copies ("Absolutely[.] I posted all of them. Those are contemporaneous notes. I'm not embarrassed to [sic] anything I wrote."), and Ide confirmed that he made the post: "[w]e are supposed to have permits for nearly everything, but the City of Maumee gives us a pass as they trust us implicitly and do not require us to obtain permits or get inspections or go before the design review board. We're special." The city argues that Ide conceded any argument that the exhibits were inadmissible when the exhibits were admitted at trial without objection.

{¶ 19} The city observes that in another post by Ide, offered as an exhibit, he stated:

> Megan and I have totally rewired our entire home from the main power pole in the alley to masthead, meter socket, breaker panel, to every outlet, switch, fixture. We have totally replaced 100 percent of the plumbing from the mainline buried in the backyard to every fixture. We have replaced 100 percent of natural gas pipeline from the meter to the range and 43[-]inch fireplace in our living room. We have re-boxed and rebuilt every window adding windows that were not present before and removing altogether other windows. We have totally re-sheeted the exterior. And after totally gutting the inside, we re-insulated every wall. We received no building services of any kind from the City of Maumee. No code enforcement of any kind.

{¶ 20} Ide also set forth in another post that that there were no contractors and he and Megan performed 100% of the work themselves.

{¶ 21} The city asserts Ide's posts were compelling evidence that he knew permits were needed for performing much if not all of the work that he did at the Maumee home

7.

and he chose not to obtain the permits in contravention of the law. The city also claims there were photographs presented of Ide performing some of the work on the Maumee home.

{¶ 22} The city acknowledges Ide's trial testimony where he denied doing any of the work because he did not know how to do certain things, but the city claims Ide wants the court to ignore the other evidence which established all elements of the offenses for which he was convicted. The city submits that the judge at the bench trial weighed the evidence and found the State's witnesses more credible than Ide. The city maintains the judge, as the trier of fact, cannot be found to clearly have lost his way nor does the evidence weigh heavily against a conviction.

Proper Party

{¶ 23} Regarding Ide's assertion that he was not the proper party to charge, the city contends Ide could have raised this issue in the trial court, but did not do so, and it cannot be asserted for the first time on appeal. The city cites to *State v. Awan*, 22 Ohio St.3d 120, 122 (1986), quoting *State v. Childs* 14 Ohio St.2d 56 (1968) ("The general rule is that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'").

8.

**Second Assignment of Error**

{¶ 24} Ide argues the trial court abused its discretion[4] when it denied his Crim.R. 29 motion for acquittal based on insufficient evidence that he performed plumbing and electrical installation against the city's code or that he reasonably failed to register as a contractor with the city, or in the alternative, his convictions for performing electrical and plumbing work against the city building code were not supported by the manifest weight of the evidence.

**Ide's Arguments**

{¶ 25} Ide argues he was prosecuted for not following the city's protocol as to building procedures, while the city admitted it did not allow him to pull permits for work on his Maumee home. He claims he moved for acquittal on the basis that he cannot be held accountable for violating the city's building code because he is not the homeowner, nor is he a licensed contractor.

{¶ 26} Ide contends the city relied on photographs from his Flickr account that were of him, "or someone resembling him, performing work on the interior of the (presumptive) [Maumee] home . . . as proof that he performed electrical and plumbing work without a journeyman certification, and without a permit." Ide again submits the pictures from his Flickr account were not authenticated as to who took them, or when.

---

[4] The proper standard of review for a Crim.R. 29 motion is set forth below.

He also claims the identity of the person in some of the pictures is not clear. Ide asserts the city proved that electrical work and plumbing was done, but not who did it.

{¶ 27} Ide argues it is significant that he testified he is not qualified to perform electrical or plumbing work, so he did not perform it, but his two grown sons and Bremer's father helped with those tasks. Ide maintains "[t]his court should find that the City of Maumee interprets its building code to mean that no one except the official tax payer [sic] of the property is allowed to perform or even assist with home renovations, even if they live in the home." In addition, Ide submits there was no testimony from Bremer as to who performed the plumbing and electrical work, or who she asked to help her with that work. Ide claims that without testimony as to who actually performed the work, the city did not meet the threshold of sufficient evidence to submit the matter to the bench, or in the alternative, his conviction was not supported by the manifest weight of the evidence.

**The City's Arguments**

{¶ 28} The city notes Ide's arguments are much the same as in the first assignment of error. The city once more contends it offered testimony and exhibits which showed significant work was performed at the Maumee home, and that testimony was never challenged. The city also submits that Ide, as shown in his postings, knew he and Bremer needed permits. The city again notes that Ide argues another person is the proper party, which issue was not raised in the trial court. The city maintains that taking the evidence in the light most favorable to it, the trial court properly denied Ide's Crim.R. 29 motion.

10.

**Manifest Weight of the Evidence Standard**

{¶ 29} "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the [trier of fact] that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997), quoting Black's Law Dictionary (6th Ed. 1990). The manifest weight of the evidence relates to persuasion[.]" *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 19.

{¶ 30} To evaluate a manifest weight of the evidence claim, "we must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of all the witnesses." *State v. McKelton*, 2016-Ohio-5735, ¶ 328. Then, we must decide if the trier of fact clearly lost its way when resolving evidentiary conflicts to create a manifest miscarriage of justice so that a conviction must be reversed, and a new trial ordered. *Id.* The appellate court's role in manifest weight review has been described as that of a "thirteenth juror" who may disagree with how the factfinder resolved the conflicting evidence. *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). The reversal of a conviction on manifest weight grounds should occur only in the most "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387.

**Sufficiency of the Evidence Standard**

{¶ 31} A motion for acquittal under Crim.R. 29 challenges the sufficiency of the evidence. *State v. Brinkley*, 2005-Ohio-1507, ¶ 39. The denial of a motion for acquittal under Crim.R. 29 "is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 2006-Ohio-2417, ¶ 37.

{¶ 32} Whether there is sufficient evidence to support a conviction is a question of law. *Thompkins*, 78 Ohio St.3d at 386. In reviewing a challenge to the sufficiency of evidence, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' *State v. Jenks* (1991), 61 Ohio St.3d 259, . . . paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307[.]" *State v. Smith*, 1997-Ohio-355. In making the determination, the appellate court will not weigh the evidence or assess the credibility of the witnesses. *State v. Walker*, 55 Ohio St.2d 208, 212, (1978).

**MMC**

{¶ 33} The relevant code provisions state:

101.02 General Definitions

As used in the Codified Ordinances, the following definitions shall apply except where a specific definition is set forth in a Maumee Code provision or Ordinance:

. . .

12.

(j)  "*Owner*", when applied to real property means a person who has *legal title to the property* as set forth in a *deed*, land contract or trust.  (Emphasis added.)

Maumee's building code is found in part 13, which states in pertinent part:

Chapter 1301 - Permits and Certificates; Penalty

1301.09 Permit for Plumbing, Mechanical or Electrical Installations.

*When a permit is specifically required* by any provision of this Building Code or by statute for an installation, extension, alteration, or repair of plumbing, gas piping, electric wiring, or heating, *no person*, or owner of the property *shall install or allow the installation of any plumbing, gas piping, electrical wiring or heating without a proper permit issued by the City of Maumee or the State of Ohio; no person shall assist in the installation of plumbing gas piping, electrical wiring or heating when a permit as required has not been obtained*; and/or use or permit the use of the installation, equipment, or appliance to which such provision applies, until the appropriate permit has been issued and the required inspection(s) approved.  (Emphasis added.)

. . .

1301.99 Penalty

(a)   Except as provided in Section 1301.11, whoever violates any provision of Part 13 of the Building Code or fails to comply therewith or with any of the requirements thereof, or who erects or assists the person who erects, constructs, alters or repairs, or has erected or assisted the person or persons who erected, constructed, altered or repaired a building or structure, without a properly issued permit or is in violation of a detailed statement or plan submitted and approved thereunder, or of a permit or certificate issued thereunder, shall be guilty of a misdemeanor of the first degree.  Each day of said violation shall be considered a separate offense.

. . .

Chapter 1305 - Tradesmen and Contractors

1305.01 General Provisions.

(a)   No person, firm or corporation shall render certain services to-wit: electrical, plumbing, warm air heating and air conditioning within the City .

. . unless all of the requests of this Code are met and unless he has obtained a commercial certificate of shop registration as provided herein.

. . .

(c) No person shall install certain services, to wit: electrical, plumbing, warm air heating and air conditioning within the City unless they have obtained a certificate as a journeyman electrical, plumbing, warm air heating and air conditioning installer.

. . .

(f) (3) As used in this Code, "contractor" means any person, firm or corporation, whether acting as a general contractor or a subcontractor, who engages in the business of erecting, constructing and repairing buildings, fixtures, and other permanent improvements to land within this City. "Contractor" specifically includes, but is not limited to, builders, excavators, remodelers, carpenters, roofers, drywallers, wallpapers, landscapers, painters, basement waterproofers, and installers of fences, windows, doors, siding, driveways, patios, swimming pools and other like improvements.

. . .

1305.03 Certificate of Qualification.

It is the intent that this section of the code is meant solely to regulate the qualifications of persons, firms or corporations involved in the building construction industry. All experience, training and testing required in this and other related sections must be related directly to building construction.

. . .

1305.11 Exemptions.

. . .

(b) The owner of a single or one family dwelling need not be licensed or registered nor hold a certificate personally to perform work upon the premises occupied or to be occupied by the owner thereof as such owner's established residence.

. . .

(d) Provided further, however, that all work shall be done in conformity with the provisions of this chapter and no work shall be done unless all

other permits, inspections and approvals required by this chapter are secured[.]

**Residential Deck Requirements Form**

{¶ 34} This form sets forth, inter alia:

A permit is required for any deck that is above grade level. This includes decks that have the bottom of the structure on the ground. Plans should include two copies of the deck construction drawings and lot plans with the deck drawn to scale and the distance to the property lines. To check the required setbacks please call the Zoning Administrator[.]

When applying for a permit to construct a deck, there are a few items that must be submitted for building and zoning compliance. These items need to appear. on the drawings submitted with the application form for a permit. They are related to requirements in the 2019 Residential Code of Ohio[.]

The information and details shown on the following sheets can be used as part of your permit plans for your deck. They are available as a guide to help you with detailing, and they can used partially or in full.

**Analysis**

**Crim.R. 29 Motion for Acquittal**

{¶ 35} Ide claims there was insufficient evidence of guilt presented that he failed to register as a contractor and that he performed plumbing and electrical installation.

{¶ 36} At the outset, we note Ide asserts the evidence offered by the city was not properly authenticated. We find Ide's assertion without merit, on two bases. First, Ide did not raise this issue in the trial court, nor did he object to the admission of the evidence. Hence, we find Ide waived this issue. *See Awan*, 22 Ohio St.3d at syllabus. Second, Ide did not cite to Ohio's Rules of Evidence or any legal authority in support of his assertion, as required by App.R. 16(A)(7) and Sixth Dist.Loc.R. 10(C).

15.

{¶ 37} Next, Ide argues that he fits the definition of a homeowner so he could pull a permit for renovations at the Maumee home. Ide offers no authority in support of his claim. We find Ide does not fit the definition of an owner of real estate, under MMC 101.02(j), since he does not have legal title to the Maumee home, as the undisputed evidence is that he is not on the deed.

Failure to Register as a Contractor

{¶ 38} A review of the record, including the trial testimony and exhibits, and the relevant law shows Ide testified he was not a contractor and was not in the business. Contractor is defined in MMC 1305.01(f)(3) as "any person . . . who engages in the business of erecting, constructing and repairing buildings, fixtures, and other permanent improvements to land within this City." Moreover, MMC 1305.03 provides "the intent that this section . . . is meant solely to regulate the qualifications of persons, firms or corporations involved in the building construction industry." We find nothing in the record which indicates that Ide was involved in the building construction industry or that he falls under the MMC definition of contractor. Since Ide is not considered a contractor under the MMC, viewing the evidence in the record in the light most favorable to the city, we find the city failed to present sufficient evidence that Ide failed to register as a contractor with the city. Accordingly, the trial court erred in denying Ide's Crim.R. 29 motion for acquittal on this basis.

16.

Performed Plumbing and Electrical Work

{¶ 39} A review of the record, including the trial testimony and exhibits, and the relevant law shows Ide testified at trial that he did not perform plumbing and electrical work at the Maumee home. Exhibits offered at trial, however, depict Ide performing electrical work and posts created by Ide stated that he and Bremer "have totally rewired or entire home . . . We have totally replaced 100% of the plumbing." In another post, Ide stated "[s]ince 2017 we have been rebuilding our Maumee, Ohio home with . . . No permits[.]" The testimony of Westcott at trial was that except for minor home repairs, permits are needed for just about everything in Maumee. In addition, MMC 1305.01 provides that "[n]o person . . . shall render certain services to-wit: electrical, plumbing . . .within the City . . . unless all of the requests of this Code are met and unless he has obtained a commercial certificate of shop registration as provided herein."

{¶ 40} Viewing the evidence in the record in the light most favorable to the city, we find the city presented sufficient evidence that Ide worked on the plumbing and electrical systems at the Maumee home, in violation of the city's building code. Accordingly, the trial court did not error in denying Ide's Crim.R. 29 motion for acquittal on this basis.

**Manifest Weight of the Evidence**

Deck Built Without a Permit

{¶ 41} Ide argues his conviction for failing to obtain a building permit for the deck was not supported by the manifest weight of the evidence.

17.

{¶ 42} The record reveals exhibits offered at trial which portray Ide working on wooden boards and holding boards which resemble the boards on the floor of the porch. In posts by Ide, he stated "[w]e are totally rebuilding the entire house. . . . New porches. . . . All with no city of Maumee involvement of any kind. . . . Since 2017 we have been rebuilding our Maumee, Ohio home with . . . No permits[.]"  Westcott testified that other than minor home repairs, permits are needed for just about everything.

{¶ 43} Upon our review of the record and the applicable law, weighing of all the evidence, and considering the credibility of the witnesses, we find the trier of fact did not lose its way nor create a miscarriage of justice in finding Ide constructed a deck on the Maumee home without a proper permit.

Performed Plumbing and Electrical Work

{¶ 44} The record contains Ide's trial testimony that he did not perform plumbing and electrical work at the Maumee home.  Yet, exhibits show Ide holding electrical wiring in the Maumee house, and Ide's posts stated that he and Bremer "have totally rewired or entire home . . .We have totally replaced 100% of the plumbing. . . . Since 2017 we have been rebuilding our Maumee, Ohio home with . . . No permits[.]" Westcott testified other than minor home repairs, permits are needed for just about everything in Maumee.

{¶ 45} Upon our review of the record and the applicable law, weighing the evidence, and considering the credibility of the witnesses, we find the trier of fact did not

18.

lose its way nor create a miscarriage of justice in finding Ide worked on the plumbing and electrical systems at the Maumee home, in violation of the city's building code.

## Conclusion

{¶ 46} As to Ide's first assignment of error, having found Ide's conviction for failing to obtain a building permit for the deck was supported by the manifest weight of the evidence, we find Ide's first assignment of error not well-taken.

{¶ 47} Regarding Ide's second assignment of error, having found the city failed to present sufficient evidence that Ide failed to register as a contractor, we find this portion of the second assignment of error well-taken, and we vacate Ide's conviction for failing to register as a contractor. With respect to Ide performing plumbing and electrical work in violation of the city's building code, having found the city presented sufficient evidence of such, and having found Ide's conviction for performing electrical and plumbing work against the city building code was not against the manifest weight of the evidence, we find this portion of the second assignment of error not well-taken.

{¶ 48} On consideration whereof, the judgments of the Maumee Municipal Court are affirmed, in part, and reversed, in part. This matter is remanded with instructions for the trial court to issue a judgment dismissing Ide's conviction for failing to register as a contractor in Maumee Municipal Court case No. 22CRB0738.

19.

**{¶ 49}** It is ordered that the parties split the costs of this appeal pursuant to App.R. 24.

Judgments affirmed, in part,
reversed, in part, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.             _____
                                                                 JUDGE

Christine E. Mayle, J.

Myron C. Duhart, J.             _____
CONCUR.                                                            JUDGE

                                                   _____
                                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.