[Cite as *State v. Carter*, 2025-Ohio-2545.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                                    Court of Appeals No. WD-24-063

     Appellee                                             Trial Court No.  2023 CR 0086

v.

Raymond F. Carter                                       **DECISION AND JUDGMENT**

     Appellant                                            Decided:  July 18, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and,
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant Raymond Carter appeals the judgment of the Wood County Court of Common Pleas, convicting him following a guilty plea to eight counts of pandering sexually-oriented matter involving a minor or impaired person, one count of pandering obscenity involving a minor or impaired person, and one count of possessing criminal tools, and ordering him to serve a total indefinite prison term of 20 to 22.5 years.  Carter challenges the trial court's decision to order some of the sentences to be served consecutively to each other and to a separate sentence from another case.  Because this

court does not clearly and convincingly find that the trial court's decision is unsupported by the record, the trial court's judgment is affirmed.

## I. Factual Background and Procedural History

{¶ 2} In January 2023, the Perrysburg Police Department received a report from the Internet Crimes Against Children Task Force indicating that someone at Carter's residence was possessing, manufacturing, and/or distributing child sexual abuse material. Carter resided in the home with his partner Dustan Gerschutz. The Perrysburg police executed a search warrant at the residence on February 2, 2023.

{¶ 3} The police recovered numerous electronic devices containing around 10,000 images and videos depicting child pornography. Carter admitted to downloading the images and videos over the past 20 years. Some of the videos contained extremely graphic material, including videos depicting Carter and Gerschutz performing sexual acts on an infant family member. In his presentence investigation interview, Carter admitted that he and Gerschutz would get drunk and high before downloading and viewing the videos.

{¶ 4} On March 1, 2023, the Wood County Grand Jury returned a 13-count indictment against Carter. Counts 1 through 11 charged him with pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1) and (C), felonies of the second degree. Count 12 charged him with pandering obscenity involving a minor or impaired person in violation of R.C. 2907.321(A)(5) and (C), a felony of the fourth degree. Count 13 charged him with possessing criminal tools in violation of R.C. 2923.24(A) and (C), a felony of the fifth degree.

2.

{¶ 5} Carter entered into a plea agreement with the State whereby he agreed to plead guilty to Counts 4 through 13 and to testify truthfully against Gerschutz. In exchange, the State agreed to dismiss Counts 1 through 3 and to recommend a prison sentence of between 15 and 25 years. Carter stipulated to a factual basis for his guilt, so the State did not provide a description of the offenses. The trial court conducted a detailed Crim.R. 11 plea colloquy, accepted Carter's pleas, and found him guilty. The trial court then continued the matter for sentencing and the preparation of a presentence investigation report.

{¶ 6} At the sentencing hearing, the State noted that Carter possessed thousands of images of child pornography, some of which was disturbingly homemade and depicted sexual acts against Gerschutz's family member. The victim's family was present in the courtroom. The State argued that it was one of the worst pandering cases and recommended a total prison sentence of between 15 and 25 years to be served consecutively to a prison term imposed for Carter's conviction for rape in Hancock County.

{¶ 7} Defense counsel argued for a lighter sentence to be served concurrently with the one from Hancock County. Counsel noted that Carter had no criminal record, has a low risk of recidivism, and has been actively engaged in therapy and is showing progress. Further, counsel argued that the offenses in this case could have rightfully been charged as fourth-degree felonies, and he recounted numerous other cases throughout Ohio where the defendants were sentenced to significantly less time in prison for similar offenses.

3.

Carter's parents also addressed the court and asked for leniency. Finally, Carter spoke and expressed remorse for his conduct.

{¶ 8} Ultimately, the trial court sentenced Carter to serve an indefinite prison term of five to seven and one-half years on Counts 4 through 11 and a prison term of one year on Counts 12 and 13. It ordered Counts 4, 5, 6, and 7 to be served consecutively to one another, and Counts 8 through 13 to be served concurrently to one another and to Counts 4, 5, 6, and 7, for a total indefinite prison term of 20 to 22.5 years. The trial court further ordered the sentence to be served consecutive to the life sentence without the possibility of parole imposed from Hancock County.

{¶ 9} In sentencing him to consecutive sentences, the trial court found that consecutive sentences were necessary to protect the public and punish Carter and were not disproportionate to the seriousness of his conduct and the danger that he poses to the public. It also found that two or more offenses were committed as part of the same course of conduct and that the harm was so great or unusual that no single term adequately reflects the seriousness.

## II. Assignment of Error

{¶ 10} Carter timely appeals his judgment of conviction, asserting one assignment of error for review:

> 1. The trial court erred to the prejudice of Appellant by imposing a consecutive sentence that is not supported by the record.

4.

## III. Analysis

{¶ 11} This court reviews felony sentences pursuant to R.C. 2953.08(G)(2), which provides, in pertinent part,

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>    (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>    (b) That the sentence is otherwise contrary to law.

{¶ 12} Carter challenges the trial court's findings under R.C. 2929.14(C)(4) in support of consecutive sentences. That section provides,

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>    . . .
>    (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

R.C. 2929.14(C)(4). Notably, Carter does not argue that the trial court failed to make the required findings. Instead, he argues that the findings are not supported by the record.

{¶ 13} R.C. 2953.08(G)(2)(a) provides that an appellate court may "increase, reduce, or otherwise modify" consecutive sentences only if it "clearly and convincingly

5.

finds" that the record does not support the trial court's R.C. 2929.14(C)(4) consecutive-sentence findings. The Ohio Supreme Court has explained that "'clear and convincing evidence' is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases." *State v. Glover*, 2024-Ohio-5195, ¶ 46, citing *State v. Gwynne*, 2023-Ohio-3851, ¶ 14. It "produce[s] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 14} Appellant has the burden of demonstrating that the trial court erred on appeal. *State v. Ide,* 2024-Ohio-5527, ¶ 14 (6th Dist.). In *Glover*, the Ohio Supreme Court recently clarified the high burden appellants must satisfy in order to show that the imposition of consecutive sentences is not supported by the record, stating:

> The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence. Rather, the statute *only* allows for modification or vacation only when the appellate court "clearly and convincingly finds" that the evidence does *not* support the trial court's findings. R.C. 2953.08(G)(2)(a). "This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court." *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 15 (lead opinion).

(Emphasis added.) *Glover* at ¶ 46. This court is mindful, then, of this high burden in reviewing Carter's argument that the imposition of consecutive sentences is not supported by the record.

6.

{¶ 15} In his assignment of error, Carter simply argues that "[a]lthough the presentence investigation report is expansive, no statement of facts was placed on the record at the time of Appellant's plea hearing and there was no reference to any facts underlying the charges/convictions at Appellant's sentencing hearing." He concludes, therefore, that the record does not support the imposition of consecutive sentences. R.C. 2953.08(F)(1), however, provides that the record to be reviewed on appeal shall include "[a]ny presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed."

{¶ 16} The trial court noted at sentencing that "the minors that were depicted in the images and the videos that you had certainly suffered as a result of the creation and keeping of those images and videos," and that "tragically your relationship with those minors also facilitated the crime that brought you here today and which you pled guilty to." Further, the trial court recognized that "the same victims could be victimized again every time somebody views these images, every time anyone views these videos, and every time you viewed them, every time [Gerschutz] viewed them." Indeed, "[b]oth the Supreme Courts of the United States and Ohio have unequivocally found that children are seriously harmed by the mere possession of pornography in which they are depicted." *State v. Smith*, 2021-Ohio-4234, ¶ 26 (6th Dist.), quoting *State v. Maynard*, 132 Ohio App.3d 820, 827 (9th Dist. 1999); *State v. Meadows*, 28 Ohio St.3d 43, 49-50 (1986).

{¶ 17} Upon review, considering the statements made during the sentencing hearing and the presentence investigation report's graphic descriptions of the

7.

pornography, this court does not clearly and convincingly find that the trial court's findings in support of imposing consecutive sentences were unsupported by the record.

{¶ 18} Accordingly, Carter's assignment of error is not well-taken.

### IV. Conclusion

{¶ 19} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Carter is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.
_____
JUDGE

Myron C. Duhart, J.

_____
Charles E. Sulek, P.J.                              JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.